## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

**1. Don Keenan,**

         Plaintiff**,**

**v.**

                                       **Case No. 23-CIV-1121-D**

**2. Todd Russ,** in his capacity as the Treasurer of the State of Oklahoma

         Defendant**.**

### <u>DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT</u>

Cheryl Plaxico OBA No. 4499
**PLAXICO LAW FIRM PLLC**

Mailing Address:
P.O. Box 298
Oklahoma City, Oklahoma 73101

Midtown OKC Office:
923 N. Robinson Ave., 5th Floor
Oklahoma City, Oklahoma 73102
Telephone: (405) 209-7565
Email: cplaxico@plaxico.law

**ATTORNEYS FOR DEFENDANT**

i

**TABLE OF CONTENTS**

Introduction ........................................................................................ 1

Standard of Decision ........................................................................ 3

Arguments and Authorities ............................................................. 4

I. Plaintiff Keenan Lacks Article III Standing to Sue Because He Has Not Alleged a Concrete and Particularized Injury-in-Fact ........................................ 5

   A. *Plaintiff does not have standing because he has not — and is not in danger of having — sustained an injury in fact.* ........................................ 6

     i. Plaintiff cannot be injured by the Act because he is not subject to its provisions..... 7

     ii. Plaintiff's retirement benefits are unrelated to market performance........................ 8

     iii. Statutory exceptions prioritize fiduciary duties over divestment obligations. Further, no divestment has occurred — or ever will occur — that will impact OPERS's ability to pay Plaintiff's benefits. ............................................. 10

   B. *Any damages Plaintiff claims are neither fairly traceable to the Defendant, nor redressable by any possible relief ordered against them.* ......................... 11

II. Defendant is immune to suit under the Eleventh Amendment. ....................... 13

III. Defendant is barred from suit under the doctrine of qualified immunity. ...... 14

IV. Plaintiff fails to state a claim upon which relief can be granted with respect to each of his claims................................................................................ 17

A. *Plaintiff's claim that the Act is unconstitutional fails as it lacks a cognizable legal theory.* ...................................................................................................18

    i. The funds within the retirement systems are being used for the exclusive purpose and benefit of its beneficiaries in accordance with Article 23, § 12 and I.R.C. 401(a)(2). ...........................................................................................................19

    ii. The Act is not a special law under Article 5, § 46, or an impermissible barrier to the courts under Article 2, § 6....................................................................................20

V. Plaintiff lacks capacity as a party to sue. ......................................................22

    Conclusion ....................................................................................................22

Certificate Of Service......................................................................................25

# TABLE OF AUTHORITIES

**Cases**

*A & R Eng'g & Testing, Inc. v. Scott*, 72 F.4th 685 (5th Cir. 2023)....................................6

*Abdullah v. Paxton*, 65 F.4th 204 (5th Cir. 2023)...............................................................6

*Alford v. Garzone*, 1998 OK CIV APP 105, 964 P.2d 944 ...............................................21

*Ali v. Hogan*, 26 F.4th 587 (4th Cir. 2022)....................................................................6, 8

*Altstatt v. Bd. of Cnty. Commissioners for Oklahoma Cnty.*, No. CIV-22-811-D, 2023 WL
 6222597 (W.D. Okla. Sept. 25, 2023)...........................................................4, 14, 15, 17

*Anderson v. Creighton*, 483 U.S. 635 (1987) ....................................................................15

*Arkansas Times LP v. Waldrip as Trustee of University of Arkansas Board of Trustees*, 37
 F.4th 1386 (8th Cir. 2022)............................................................................................16

*Arnold v. City of Olathe*, 35 F.4th 778 (10th Cir. 2022).....................................................14

*Ash Creek Min. Co. v. Lujan*, 969 F.2d 868 (10th Cir. 1992)............................................18

*Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011) .......15

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)................................................................3, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)......18

*Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656 (6th Cir. 2018)....................19

*Brown v. Flowers*, 974 F.3d 1178 (10th Cir. 2020) ..........................................................14

*Century Inv. Grp., Inc. v. Bake Rite Foods, Inc.*, 2000 OK CIV APP 48, 7 P.3d 510 .......22

*City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)..........6

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013)....6

*Cole v. Richardson*, 405 U.S. 676 (1972).........................................................................16

*Earles v. Cleveland*, 418 F.Supp.3d 879 (W.D. Okla. 2019)...........................................19

*Earles v. Cleveland*, 825 Fed. Appx. 544 (10th Cir. 2020) .............................................19

*Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010).................................................................4

*Gill v. Whitford, 138 S.Ct. 1916, 201 L.Ed.2d 313 (2018)* ...............................................5

*Grable v. Childers*, 1936 OK 273, 56 P.2d 357...........................................................20, 21

*Hollingsworth v. Perry*, 570 U.S. 693, 133 S.Ct. 2652, 186 L.Ed.2d 768 (2013) .............9

*Howard v. Grady Cnty. Crim. Just. Auth.,* 2017 OK CIV APP 7, 394 P.3d 299 ...............19

*Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 119 S.Ct. 755, 142 L.Ed.2d 881 (1999) ..9

*Huxall v. First State Bank*, 842 F.2d 249 (10th Cir. 1988)................................................18

*John v. Saint Francis Hospital, Inc.,* 2017 OK 81, 405 P.3d 681 .....................................20

*Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) .....................................................13

*Jordahl v. Brnovich*, 789 F. App'x 589 (9th Cir. 2020) .......................................................6

*K.P. v. LeBlanc*, 627 F.3d 115 (5th Cir. 2010) .....................................................................7

*Keaton v. Branch*, 1924 OK 919, 104 Okla. 287, 231 P. 289............................................21

*Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) .................13

*L Rothschild Express Trust v. State of Washington*, No. CIV-23-00465-JD, 2023 WL

8358566 (W.D. Okla. Dec. 1, 2023) .................................................................................3

*Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)..1, 5, 7,

11, 13

*Martin v. Chancellor for Bd. of Regents of Univ. Sys. of Georgia* ("*Martin II*"), No. 22-12827, 2023 WL 4131443 (11th Cir. June 22, 2023)........................................15, 16, 17

*Miller v. Oklahoma Dep't of Hum. Servs.*, No. CIV-22-507-D, 2022 WL 16541217 (W.D. Okla. Oct. 28, 2022)................................................................................................13, 14

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978) ................................................................14

*NAACP v. Claiborne Hardware*, 458 U.S. 886 (1982) ......................................................16

*Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)..............................................4

*Packard v. Budaj*, 86 F.4th 859 (10th Cir. 2023)........................................................14, 15

*Papasan v. Allain*, 478 U.S. 265 (1986)............................................................................13

*Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys.,* 929 F.2d 1519 (10th Cir. 1991) ...............................................................................................................................3

*Reynolds v. Porter*, 1988 OK 88, 760 P.2d 816...............................................................20

*Ridge at Red Hawk v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)...........................3

*Rio Grande Found. v. Oliver*, 57 F.4th 1147 (10th Cir. 2023)……………………… 11

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)............................................3

*Ruskiewicz v. Oklahoma City Univ.,* No. CIV-23-303-D, 2023 WL 6471716 (W.D. Okla. Oct. 4, 2023) ......................................................................................................5, 6

*Russell-Webster v. Raimondo*, No. CIV-22-1074-D, 2023 WL 8358562 (W.D. Okla. Dec. 1, 2023) .................................................................................................................3, 17

*Steadfast Ins. Co. v. Agricultural Ins. Co*., 507 F.3d 1250 (10th Cir. 2007) ....................13

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ................................................5

*Stewart v. Beach*, 701 F.3d 1322 (10th Cir. 2012)...................................................4

*Taylor v. City of Bixby*, 2018 OK CIV APP 18, 415 P.3d 537...........................................19

*Tellabs, v. Makor Issues & Rights*, 551 U.S. 308 (2007) .......................................4

*Thayer v. Phillips Petroleum Co.*, 1980 OK 95, 613 P.2d 1041 ........................................21

*Thole v. U. S. Bank N.A*, 140 S.Ct. 1615, 207 L.Ed.2d 85 (2020) .......................2, 8, 9, 11

*Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 218 (1904) ...............................3

*Tillery v. Tulsa Christian Care Ctr., Inc.,* 2005 OK CIV APP 54, 118 P.3d 772 ..............21

*TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 210 L.Ed.2d 568 (2021) ...........................5

*Wise v. Caffey*, 72 F.4th 1199 (10th Cir. 2023) ...................................................15

*Wood v. Moss*, 572 U.S. 744, 757 (2014) ................................................................4

## Statutes

Okla. Stat. tit. 74 § 12003(C)(4)..................................................................12

Okla. Stat. tit. 74 § 12002(D)(3) ...............................................................1, 10

Okla. Stat. tit. 74 § 12003(F).....................................................................1, 10

Okla. Stat. tit. 74 § 12005(B)(4)..................................................................2

Okla. Stat. tit. 74 §§ 12001–12006................................................................1

I.R.C. § 401(a)(2) ......................................................................................20

Okla. Stat. tit. § 12002(D)(2) ...................................................................20

Okla. Stat. tit. § 12005.................................................................................12

Okla. Stat. tit. 12 § 2017(B) .........................................................................22

Okla. Stat. tit. 74 § 12002(D)(1) ........................................................22

Okla. Stat. tit. 74 § 12003..................................................................12

Okla. Stat. tit. 74 § 12003(E) .............................................................10

Okla. Stat. tit. 74 § 582.....................................................................20

Okla. Stat. tit. 74. § 935.9..................................................................20

## Other Authorities

1996 OK Atty. Gen. Op. 21, 1996 WL 927933 ........................................2

Okla. Atty. Gen. Opinion 96-21 .........................................................11

Okla. Const. art. 23, § 12...................................................................19

*Speculative Damages*, BLACK'S LAW DICTIONARY (11th ed. 2019)................................10

## Rules

Fed. R. Civ. P. 12(b)(6)...................................................................1, 4

Fed. R. Civ. P. 12(d) ..........................................................................4

Fed. R. Civ. P. Rule 17(b)..................................................................22

## Defendant's Motion to Dismiss and Brief in Support

Defendant Todd Russ, in his capacity as Treasurer of the State of Oklahoma ("Defendant"), moves to dismiss Plaintiff Don Keenan's ("Plaintiff") action. As demonstrated below, Plaintiff's claims for alleged violations of the First Amendment under the United States and Oklahoma Constitutions and the federal tax code are not actionable. Each allegation fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Additionally, and perhaps most critical, is Plaintiff's lack of standing to commence the action or seek temporary or injunctive relief. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In support of this Motion to Dismiss, Defendant shows the following:

### Introduction

In 2022, Oklahoma passed the Energy Discrimination Elimination Act, 74 Okla. Stat. §§ 12001–12006 (the "Act"). The Act, which was effective November 1, 2022, generally prohibits government retirement systems from investing in companies that boycott the energy industry. Verified Petition, ¶ 8. Under the Act, the State Treasurer creates and maintains a list of financial companies that boycott energy companies. *Id*. at ¶ 9. After the list is promulgated, state retirement systems may be required to divest from the listed companies unless it "determines that such requirement would be inconsistent with its fiduciary responsibility…or other duties imposed by law relating to the investment of" the system's assets. Okla Stat. tit. 74 § 12002(D)(3). Further, a retirement system may cease divesting if it shows that it "has suffered or will suffer a loss in the value of assets…as a result of having to divest from listed financial companies," and may do so "to the extent necessary to ensure that the [retirement system] does not suffer a loss in value." Okla. Stat. tit. 74 § 12003(F). For other state entities, the Act applies only insofar as the entity determines "the requirements…are inconsistent with the governmental entity's

1

constitutional or statutory duties related to the…management of debt obligation or the…investment of funds." Okla. Stat. tit. 74 § 12005(B)(4). Further, if a "governmental body determines the supplies or services to be provided are not otherwise reasonably available from a company that is not a listed financial company," then it too is exempted from the requirements. *Id*.

Plaintiff is a beneficiary of OPERS (Oklahoma Public Employees Retirement System). Verified Petition, ¶ 7. As a long-time member of OPERS, Plaintiff is on a defined-benefits plan, meaning Plaintiff is provided "a fixed payment each month, and the payments do not fluctuate with the value of the plan or because of the plan fiduciaries' good or bad investment decisions." *Thole v. U. S. Bank N.A*, 140 S.Ct. 1615, 1618, 207 L.Ed.2d 85 (2020). As such, Plaintiff is guaranteed his monthly payment, regardless of the investment strategies or funds available within OPERS. *See id*.; 1996 OK Atty. Gen. Op. 21, 1996 WL 927933, *19–20 (opining that the State of Oklahoma has a "statutory, contractual, and constitutional duty to annually and ultimately fund the retirement benefits" in the public retirement systems that cannot be abrogated "unless doing so would cause the State of Oklahoma to become insolvent.").

Plaintiff's Verified Petition broadly claims an assortment of alleged constitutional violations. *First*, Plaintiff alleges that, under the First Amendment, the Act is content-discriminatory, viewpoint-discriminatory, and compels speech. Verified Petition, ¶ 11. *Second*, under the Oklahoma Constitution, Plaintiff alleges the Act violates Article 23, section 12's "exclusive purpose" mandate; Article 5, section 46's prohibition on special laws; and creates an impermissible barrier to the courts in violation of Article 2, section 6. Verified Petition, ¶¶ 12, 16–19. *Third*, Plaintiff claims that, in tandem with Article 23, § 12 of the Oklahoma Constitution, the Act violates the Internal Revenue Code, section

401(a)(2)'s "exclusive benefit rule." Verified Petition, ¶ 14. Beyond the broadly asserted alleged violations, Plaintiff's Petition is devoid of any legal or factual basis sufficient to survive dismissal.

### Standard of Decision

A party seeking redress "must allege in his pleading the facts essential to show jurisdiction." *L Rothschild Express Trust v. State of Washington*, No. CIV-23-00465-JD, 2023 WL 8358566 (W.D. Okla. Dec. 1, 2023) (quoting *Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys.,* 929 F.2d 1519, 1521 (10th Cir. 1991)). There is a presumption that "a cause is without jurisdiction…unless the contrary affirmatively and distinctly appears." *Id.* (quoting *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 218 (1904)). Along with clearly stated facts to show jurisdiction, a pleading must also "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Russell-Webster v. Raimondo*, No. CIV-22-1074-D, 2023 WL 8358562 (W.D. Okla. Dec. 1, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Although detailed factual allegations are not required, there must be more than unadorned and conclusory facts to establish both subject-matter jurisdiction and each individual claim brought by the plaintiff. *Id.* The "possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Where a defendant asserts a defense of qualified immunity, the plaintiff must allege sufficient facts to overcome this defense. The doctrine of qualified immunity "protects government officials from liability for civil damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was

"clearly established" at the time of the challenged conduct." *Altstatt v. Bd. of Cnty. Commissioners for Oklahoma Cnty.*, No. CIV-22-811-D, 2023 WL 6222597 (W.D. Okla. Sept. 25, 2023) (quoting *Wood v. Moss*, 572 U.S. 744, 757 (2014)) (internal quotations removed). To be "clearly established" "[o]rdinarily,…there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id*. (quoting *Stewart v. Beach*, 701 F.3d 1322, 1331 (10th Cir. 2012).

The sufficiency of a claim rests on the contents of the complaint alone. *Id*. (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)). While jurisdictional challenges may generally rely on facts not appearing on the face of the complaint, doing so under a Rule 12(b)(6) motion will generally convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). However, undisputed documents referred to in the complaint that are central to the plaintiff's claims, or documents incorporated by reference in the complaint, do not convert the motion. *Pacheco*, 627 F.3d at 1186 (citing *Tellabs, v. Makor Issues & Rights*, 551 U.S. 308, 322 (2007); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)).

## Arguments and Authorities

The Court should dismiss this action pursuant to Rule 12(b)(1) and 12(b)(6). *First*, Plaintiff lacks standing to bring his claims. *Second*, Defendant is immune to suit under the doctrines of sovereign immunity and qualified immunity. *Third*, even if the Court finds that it has jurisdiction over the claims, it should dismiss the action because Plaintiff fails to state a claim upon which relief can be granted.

## I. Plaintiff Keenan Lacks Article III Standing to Sue Because He Has Not Alleged a Concrete and Particularized Injury-in-Fact.

For there to be a case or controversy capable of resolution, "the plaintiff must have a personal stake in the case — in other words, standing." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2203, 210 L.Ed.2d 568 (2021). When standing is challenged at the pleading stage by a Rule 12(b)(1) motion, a court "examines the complaint for specific facts necessary to establish standing." *Ruskiewicz v. Oklahoma City Univ.,* No. CIV-23-303-D, 2023 WL 6471716 (W.D. Okla. Oct. 4, 2023) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998)). There are three threshold criteria of standing. *Ruskiewicz, 2023 WL 6471716, *1; see Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). A plaintiff must show that he has (1) suffered an injury-in-fact which is actual, concrete, and not conjectural in nature, (2) with a causal nexus between the injury and the complained-of conduct, and (3) that there is a likelihood — more than mere speculation — that the injury is capable of being redressed by a favorable court decision. *Ruskiewicz*, 2023 WL 6471716 at *1 (W.D. Okla. 2023) (citing *TransUnion LLC*, 141 S.Ct. at 2203).

Injury-in-fact is key — a plaintiff must show that "he has suffered the invasion of a legally protected interest that is concrete and particularized, *i.e.*, which affects the plaintiff in a personal and individual way." *Gill v. Whitford,* 138 S.Ct. 1916, 1929, 201 L.Ed.2d 313 (2018) (quoting *Lujan*, 504 U.S. at 560 and n.1) (cleaned up). As here, "when the plaintiff is not himself the object of the government action or inaction he challenges, standing is…substantially more difficult [for a plaintiff] to establish." *Lujan*, 504 U.S. at 562 (internal quotations removed).

Standing is not "dispensed in gross" — it must be shown for every element against every defendant for every form of relief. *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2208,

210 L.Ed.2d 568 (2021). To satisfy the injury-in-fact element, "Plaintiff must show []he suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Ruskiewicz*, 2023 WL 6471716, *2 (internal quotations removed); *see also Ali v. Hogan*, 26 F.4th 587, 596 (4th Cir. 2022) (holding that plaintiff in anti-boycott of Israel case lacked standing because he could not prove any injury); *A & R Eng'g & Testing, Inc. v. Scott*, 72 F.4th 685 (5th Cir. 2023) (reversing and vacating an injunction against Texas Attorney General which prohibited the enforcement of the anti-boycott of Israel statute, as the plaintiff was unable to show the alleged injury was fairly traceable to the Attorney General); *Jordahl v. Brnovich*, 789 F. App'x 589 (9th Cir. 2020) (vacating preliminary injunction enjoining enforcement of anti-boycott of Israel statute because, post-amendment, the statute did not apply to the plaintiff).

Plaintiff here "alleges he has incurred two types of injuries in connection with [the Act]'s divestment requirement: (1) a threat of future economic loss and (2) several constitutional violations." *Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023); *see* Verified Petition, ¶¶ 10, 11–18. Plaintiff has not suffered any injury to any protected interest; further, any alleged injury is not fairly traceable to the Defendant and would not be redressed by a judicial determination. As such, he fails to meet the standing requirements.

### A. Plaintiff does not have standing because he has not — and is not in danger of having — sustained an injury in fact.

Plaintiff has suffered no injury from the enactment or enforcement of the Act. Plaintiff must plead that "he has sustained or is immediately in danger of sustaining some direct injury." *Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). "Importantly, it cannot be speculative, conjectural, or hypothetical" — the "injury needs to be concrete and

particularized, as well as actual or imminent." *Id*. (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013) and *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010)) (internal quotations removed); *see Lujan*, 504 U.S. 555, 112 S.Ct. 2130.

Plaintiff's claims fail for several reasons: *First and foremost*, Plaintiff has not and will not suffer any injury — pecuniary or violative of his constitutional rights — under the Act, because the Act simply does not apply to him. *Second*, Plaintiff's defined-benefit plan is not subject to the market performance of the OPERS portfolio and even if it was subject to market performance and the system believed that divestiture would cause a loss in the value of plan assets, the plan may obtain an exemption for the Act. *Third*, retirement systems may invoke multiple statutory exceptions to divestment that prioritize fiduciary duties over divestment. Further, Plaintiff has not alleged that any divestment has occurred — or ever will occur — that will impact OPERS's ability to pay his benefits.

### i. *Plaintiff cannot be injured by the Act because he is not subject to its provisions.*

Plaintiff's facts alleging the scope of the Act showcase his lack of standing. In sum, Plaintiff alleges the Act requires companies, including financial institutions, to affirm they do not boycott energy companies; otherwise, the State, and the governmental entities under it, will not sign a contract with those companies. Verified Petition at ¶ 8–9.

Here, Plaintiff is not a state agency. He is not a financial institution. He is not an energy company. He is not a political subdivision of the state. He is not affiliated with a state retirement system, outside of being a beneficiary. He is not attempting to sign a contract with the state. He is not boycotting any energy company. In fact, outside of his claim that he is a "retiree under the OPERS system," it is hard to find any connection Plaintiff has at all to the Act at issue here. Verified Petition, ¶ 7. Plaintiff has failed to plead

any single fact or argument that OPERS' compliance with the Act will *actually cause an injury* to him.

Plaintiff's claims that the Act is unconstitutionally vague and overbroad likewise fail to provide standing — "even if a statute or regulation is allegedly vague or overbroad, that status alone does not establish standing to sue…the fact that the claimant may assert facial vagueness and overbreadth challenges does not alter" the injury-in-fact requirement of standing. *See Ali v. Hogan*, 26 F.4th at 599 (4th Cir. 2022) (finding challenger of anti-boycott of Israel statute lacked standing because he had not alleged any injury-in-fact).

### ii. Plaintiff's retirement benefits are unrelated to market performance.

Plaintiff contends that he has been a long-time contributor to OPERS and is a retiree under that system. Verified Petition, ¶¶ 1–7. However, as to Plaintiff, Plaintiff's retiree status affords him benefits under the "defined-benefits plan." In a defined-benefit plan, participants' benefits are fixed and will not change — that is, the benefits are "not tied to the value of the plan." *Thole v. U.S. Bank N.A.,* 140 S.Ct. 1615, 1619, 207 L.Ed.2d 85 (2020). Further, Plaintiff's allegations arise under federal law defined-benefit plans and the governing pension provision of the Internal Revenue Code. Verified Petition, ¶ 14. As Plaintiff's claims directly implicate federal law applicable to pensions, the Supreme Court's decision in *Thole v. U.S. Bank N.A.* is instructive.

In *Thole*, two retirees sued the U.S. Bank under ERISA for mismanagement of their defined-benefit retirement plan. 140 S.Ct. at 1616. In affirming the appellate court, the Court found that both plaintiffs lacked standing to bring their claims, "[b]ecause the plaintiffs themselves have no concrete stake in the lawsuit." *Id*. at 1619. Much like Plaintiff here, if the *Thole* plaintiffs *lost*, "they would still receive the exact same monthly benefits that they are already slated to receive, not a penny less" — and if they *won* "they would

still receive the exact same monthly benefits that they are already slated to receive, not a penny more." *Id*. Both *Thole* plaintiffs had "received all of their monthly pension benefits so far, and they will receive those same monthly payments for the rest of their lives." *Id*.

The Court further rejected the plaintiffs' alternative arguments that they "possess[] an equitable or property interest in the plan, meaning…injuries to the plan are by definition injuries to the plan participants" and that plaintiffs functioned as "representatives of the plan itself." *Id*. at 1619–20. In dispensing with the first argument, the Court found that the benefits paid to the participants of a defined-benefit plan "are not tied to the value of the plan" and, relying on precedent, stated that "plan participants possess no equitable or property interest in the plan." *Id*. (citing *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 439–441, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999)). Plaintiffs' second argument was quickly shot-down as well — "in order to claim the interests of others, the litigants themselves still must have suffered an injury in fact, thus giving them a sufficiently concrete interest in the outcome of the issue in dispute." *Id*. at 1620 (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 708, 133 S.Ct. 2652, 186 L.Ed.2d 768 (2013)) (internal quotation marks omitted).

Plaintiff's arguments here fail for the same reasons. He has not alleged any particularized, concrete injury that he *has* suffered. Indeed, Plaintiff neither pled nor alluded to missing a single retirement payment or receiving a reduction in payments resulting from the Act. Plaintiff has not alleged any particularized, concrete injury that he *will* suffer. Plaintiff has not alleged any concrete interest in the outcome of this dispute that would allow him to bring claims on behalf of the interests of others or his authority to do so. Plaintiff has not alleged any injury at all having *actually* occurred — even Plaintiff's quotations purportedly showing the "financial devastation that **would be** wreaked by" the Act fails, as both quoted entities opted to use one of the several exceptions provided by the

9

Act to avoid divestment. Verified Petition, ¶ 10. Insofar as these might constitute damages at all, they are the definition of "speculative." *Speculative Damages*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Damages that are so uncertain to occur that they will not be awarded.").

### iii. Statutory exceptions prioritize fiduciary duties over divestment obligations. Further, no divestment has occurred — or ever will occur — that will impact OPERS's ability to pay Plaintiff's benefits.

The divestment statute at issue here provides that a retirement system "shall not be subject to any requirement of this act if the [retirement system] determines that such requirement would be inconsistent with its fiduciary responsibility with respect to the investment of entity assets or other duties imposed by law relating to the investment of entity assets." Okla. Stat. tit. 74, § 12002(D)(3). Put plainly, if the retirement system determines that divesting from a listed company undermines their ability to pay their retirees, then they are not required to divest. Further, retirement systems are permitted to cease divestment from a listed company if the system determines it "has suffered or will suffer a loss in the value of assets…as a result of having to divest from listed financial companies" or if "an individual portfolio that uses a benchmark-aware strategy would be subject to an aggregate expected deviation from its benchmark as a result of having to divest." *Id*. at § 12003(F). Additionally, the retirement system "is not required to divest from any indirect holdings in actively or passively managed investment funds or private equity funds." *Id*. at (E).

These statutory exceptions have already been relied upon by the two entities Plaintiff alleged as evidence of injury. Verified Petition, ¶ 10. Further, the only way that Plaintiff could be injured is if "the mismanagement of the plan was so egregious that it substantially increased the risk that the plan and the employer would fail and be unable to pay the

participants' future pension benefits." *Thole*, 140 S.Ct. at 1621. But "a bare allegation of plan underfunding does not itself demonstrate a substantially increased risk that the plan and the employer would both fail." *Id*. at 1622. Any alleged mismanagement by the administrators of OPERS would have to create or enhance the risk of default by the entire plan. *Id*. Given the statutory protections in place, this risk is effectively non-existent — additionally, the State itself is obligated "to use all resources and fiscal means available…to fund or stabilize an insolvent state retirement plan *before* a default can occur," unless doing so "would cause the State of Oklahoma to become insolvent." Okla. Atty. Gen. Opinion 96-21.

### B. Any damages Plaintiff claims are neither fairly traceable to the Defendant, nor redressable by any possible relief ordered against them.

Preliminarily, Plaintiff has failed to allege that he has or will suffer any injury at all. As such, there is no injury to be traced to Defendant's actions and no redress available to Plaintiff. Any potential injury-in-fact arising from a chilling effect on expression, must "arise from an objectively justified fear of real consequences, which can be satisfied by showing a credible threat of prosecution or other consequences following from the statute's enforcement." *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1160 (10th Cir. 2023). Plaintiff does not show any credible threat to his First Amendment rights.

To meet standing's traceability and redressability requirements, Plaintiff must show there is an increased risk of a future loss of money that is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (cleaned up). Further, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. at 561 (internal quotation marks omitted). Assuming that Plaintiff has adequately pleaded that OPERS' failure to invest in one of six financial institutions will so endanger

11

the retirement systems' survival that it will be unable to pay his defined benefits, he has not plausibly pleaded that doing so is either traceable to or redressable by the named Defendant. In fact, any divestment that occurs will be performed by an independent decisionmaker — the state retirement system that is doing the divesting. The Treasurer's role is merely administrative; it begins and ends with creating and maintaining the list of financial companies. Okla. Stat. tit. 74 § 12003.

Under the Act, the Treasurer is tasked with one obligation: to create and maintain a list of financial companies. Outside of annually updating that list, the Treasurer's role simply fades away. He plays no role in the remaining implementation or enforcement of the Act — it is the state governmental entities themselves, namely the retirement systems, that determine whether to apply one of the statutory exceptions, *see* Okla. Stat. tit. 74 § 12003, 12005, or to "sell, redeem, divest, or withdraw all publicly traded securities of the financial company." *Id*. at § 12003(C)(4). The Treasurer himself does not have the power to divest from the listed companies, or to force the retirement systems to do so. The statute ultimately tasks the retirement systems with divesting securities according to their own preexisting fiduciary and legal duties. Injunctive relief against the Treasurer would simply prevent the list from being updated.

Further, Plaintiff has not shown that the Treasurer has done anything to injure him. The Treasurer has placed six companies on the latest version of the divestment list. Plaintiff's Motion for TRO at 4. As a result of this list, Plaintiff alleges that OPERS would lose more than $10 million if the retirement system divests from those financial companies. *Id*. And OPERS **chose not to divest** and, instead, voted to take advantage of the fiduciary duty exception provided in the Act. Plaintiff has not shown that any possible future financial injury is fairly traceable to the Treasurer.

12

Nor would injunctive relief directing the Treasurer to cease updating the divestment list redress any of Plaintiff's alleged future loss of money. OPERS and other retirement systems would still be required to either divest the securities currently included on the list or determine whether those securities fit into one of the several exceptions provided. It is entirely "speculative" and not "likely" that declaratory or injunctive relief against the Treasurer will have any effect on Keenan's retirement benefits at some unspecified point in the future. *Lujan*, 504 U.S. at 561.

For these reasons, Plaintiff fails to show that he has standing to bring any of his claims — he has not and will not suffer any injury-in-fact, and any alleged injury is not fairly traceable to or redressable by the Defendant. Plaintiff's claims should be dismissed.

## II. Defendant is immune to suit under the Eleventh Amendment.

Plaintiff has named an inappropriate defendant in this action. First, the Eleventh Amendment "bars suits against a State by citizens of that same State." *Miller v. Oklahoma Dep't of Hum. Servs*., No. CIV-22-507-D, 2022 WL 16541217, *2 (W.D. Okla. Oct. 28, 2022) (quoting *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). This immunity applies "whether the relief sought is legal or equitable." *Id*. at *2 (citing *Steadfast Ins. Co. v. Agricultural Ins. Co*., 507 F.3d 1250, 1252 (10th Cir. 2007); *see Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) ("the Eleventh Amendment applies 'whether the relief sought is legal or equitable.'") (citations and quotations omitted).

Second, "[t]o the extent Plaintiff seeks damages from the Individual Defendants acting in their official capacities, Plaintiff's claims are likewise barred under the eleventh amendment." *Miller*, 2022 WL 16541217, *2 (W.D. Okla. 2022). "Official-capacity suits…'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 164, 105 S.Ct. 3099, 87

L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978)). Suits against officers in their official capacity as officer "is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998); *see Miller*, 2022 WL 16541217, *2 (W.D. Okla. 2022) (dismissing claims against individual defendants in their official capacities under Eleventh Amendment immunity).

Defendant Russ, being sued in his capacity as Treasurer of the State of Oklahoma, is a placeholder for the State itself. As such, he is entitled to the same immunity as afforded the State under the Eleventh Amendment.

## III. Defendant is barred from suit under the doctrine of qualified immunity.

If the Court finds that sovereign immunity under the Eleventh Amendment has been waived, the Treasurer still enjoys qualified immunity to the suit because he is performing a discretionary function that has not been "clearly established" as constituting a violation of a constitutional right.

Qualified immunity shields public officials performing discretionary functions from suit "so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Packard v. Budaj*, 86 F.4th 859, 865 (10th Cir. 2023) (quoting *Arnold v. City of Olathe*, 35 F.4th 778, 788 (10th Cir. 2022)). A clearly established right can be shown through "a factually similar 'Supreme Court or published Tenth Circuit decision,' or through 'the clearly established weight of authority from other courts.'" *Altstatt*, 2023 WL 6222597 at *5 (quoting *Brown v. Flowers*, 974 F.3d 1178, 1184 (10th Cir. 2020)). Plaintiff relies on the Act's alleged discretionary provisions as a basis for his "unconstitutionally vague" claim. Verified Petition, ¶ 16.

A plaintiff must show two factors to overcome qualified immunity: first, "the officers' alleged conduct violated a constitutional right"; second, "it was clearly established at the time of the violation, such that every reasonable official would have understood, that such conduct constituted a violation of that right." *Packard*, 86 F.4th at 865 (quoting *Wise v. Caffey*, 72 F.4th 1199, 1205 (10th Cir. 2023)). A constitutional right is "clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Martin v. Chancellor for Bd. of Regents of Univ. Sys. of Georgia* ("*Martin II*"), No. 22-12827, 2023 WL 4131443 (11th Cir. June 22, 2023) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (internal quotations removed); *see also Altstatt v. Bd. of Cnty. Commissioners for Oklahoma Cnty.*, No. CIV-22-811-D, 2023 WL 6222597, *5 (W.D. Okla. Sept. 25, 2023) ("the right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right.") (internal quotations removed). Indeed, at the time of the officials' actions, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011).

In *Martin II*, 2023 WL 4131443 — an anti-boycott of Israel statute case and the appeal from *Martin I* (540 F.Supp.3d 1220) cited by Plaintiff — the plaintiff brought suit "asserting various First and Fourteenth Amendment claims," including claims the anti-boycott statute "restricted protected speech and compels speech in violation of the First Amendment and is unconstitutionally vague in violation of the Due Process Clause" and sought "injunctive and declaratory relief" to stop enforcement of it. *Id.*, at *2. The Eleventh Circuit affirmed the dismissal of the individually named defendants because the plaintiff failed to show a constitutional right had been "clearly established" under any of the three methods of determination under that Circuit's precedent. *Id.*, at *3. These methods are: *first*, a

"materially similar" case has already been decided; *second*, there is a "broader, clearly established principle that should control"; and *third*, that the conduct "so obviously violate[s] the constitution that prior case law is unnecessary." *Id*. The plaintiff in *Martin II* — like Plaintiff here — failed on all three counts.

The *Martin II* plaintiff first attempted to argue that *Cole v. Richardson*, 405 U.S. 676 (1972) is "materially similar." *Id*. In dispensing with this factor, the Eleventh Circuit found that *Cole* — which concerned statutory requirements for public employees to sign an oath to defend the constitution — was not similar enough to the anti-boycott statute to "clearly establish" a constitutional violation that would "make it obvious to all reasonable government actors." *Id*. Turning to the second factor, the Eleventh Circuit rejected the *Martin* plaintiff's assertion that *NAACP v. Claiborne Hardware*, 458 U.S. 886 (1982), presents a "broader, clearly established principle that should control the novel facts of the situation." *Id*. at *5. The circuit court distinguished *Claiborne* from the anti-boycott of Israel statute, finding that the *Claiborne* Court "expressly reserved the question of whether 'a narrowly tailored statute designed to prohibit certain forms of anticompetitive conduct or certain types of secondary pressure may restrict protected First Amendment activity.'" *Id*. (quoting *Claiborne*, 458 U.S. 886 (1982)). Further, the court clarified that *Claiborne* involved conduct from "private actors rather than government officials, and there was no state statute involved in the case." *Id*.

The Eleventh Circuit quickly disposed of the final argument that "Defendants' conduct was so obviously unconstitutional that no specific case is needed to establish it." *Id*. at *6. The court, while conceding that "another state's law and another circuit's precedent certainly cannot clearly establish law" there, the existence of the Georgia statute and the Eighth Circuit's decision in *Arkansas Times LP v. Waldrip as Trustee of University*

*of Arkansas Board of Trustees*, 37 F.4th 1386, 1392 (8th Cir. 2022), "demonstrates the ongoing debate about the constitutionality of anti-boycott clauses nationwide." *Martin II*, 2023 WL 4131443, *6. The court also distinguished the statute from circumstances of "outrageous behavior [that] clearly implicates the Fourth Amendment." *Id*. "Instead, [Plaintiff] is upset that a contractual obligation was included in a contract she wished to sign for an event that ultimately did not occur." *Id*.

Defendant likewise concedes that another state's law and another circuit's precedent does not clearly establish law here — however, the existence of these statutes and cases do establish that there is no "clearly established weight of authority from other courts." *Altstatt*, 2023 WL 6222597, *5. The constitutionality of statutes similar to the one at issue here is not "beyond debate." Plaintiff has not identified any legal authority that clearly established a pensioner's constitutional right to the general funds within their retirement system, "[n]or has Plaintiff identified precedent that would have made it clear to every reasonable person in the [Treasurer's] position[] that [his] alleged conduct violated the constitutional rights asserted." *Id*. As such, Defendant has qualified immunity to the claims brought by Plaintiff.

## IV. Plaintiff fails to state a claim upon which relief can be granted with respect to each of his claims.

Each of Plaintiff's allegations fail to state a claim upon which relief can be granted under Rule 12(b)(6). For the following reasons, Plaintiff's Verified Petition should be dismissed.

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Russell-Webster v. Raimondo*, No. CIV-22-1074-D, 2023 WL 8358562 (W.D. Okla. Dec. 1, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009)). The Rule 8 pleading standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)).

From the outset, Plaintiff makes bare, conclusory allegations that the Act violates a variety of constitutional provisions, with little to no factual support behind them. For example, Plaintiff's First Amendment claims begin and end with the following paragraph:

> 11.   Aside from the financial devastation that would be wreaked by divesting from the current fund managers, such divestment also violates the First Amendment.  This is true because the Act compels speech, is viewpoint discriminatory, and content discriminatory.

Plaintiff provides no set of factual allegations in support of this claim. In fact, outside of a base recitation of what the Act **does**, Plaintiff provides no real factual allegations at all. Plaintiff mentions the Defendant in three substantive paragraphs of his Petition: once to group him with the actions of the now-dismissed State defendant; once to describe his obligations under the Act; and once to provide out-of-context quotations. As such, Plaintiff's claims fail as a matter of law, as there is no factual basis for relief to be granted.

### Plaintiff's claim that the Act is unconstitutional fails as it lacks a cognizable legal theory.

A motion to dismiss is properly granted "when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief." *Ash Creek Min. Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992) (citing *Huxall v. First State Bank*, 842 F.2d 249, 251 (10th Cir. 1988)). Without any foundation at all, Plaintiff contends the Act "violates due process as it is unconstitutionally vague." Verified Petition, ¶ 16. Plaintiff provides no law, Amendment, or statute to support his contention that Defendant has violated or harmed his due process rights. Plaintiff further alleges several Oklahoma Constitution provisions that

18

the Act purportedly violates, including Article 23, section 12; Article 5, section 46; and Article 2, section 6. Outside of conclusory statements that those provisions are violated, Plaintiff's claims are not "anything more than a generalized relationship between those provisions and the harm [he] claims in this case." *Taylor v. City of Bixby*, 2018 OK CIV APP 18, ¶ 20, 415 P.3d 537, 545 (affirming dismissal of Art. 2, § 6 claims because plaintiff had "not sufficiently stated claims for violation of his constitutional rights.").

Regardless of whether Plaintiff is alleging a violation of a federal constitutional right, state constitutional right, or both, there is no private right of action under either the United States Constitution or the Oklahoma Constitution. *Earles v. Cleveland*, 418 F.Supp.3d 879, 890 (W.D. Okla. 2019), *aff'd*, *Earles v. Cleveland*, 825 Fed. Appx. 544 (10th Cir. 2020) ("There is no private right of action for violations of the Oklahoma Constitution."); *see Howard v. Grady Cnty. Crim. Just. Auth.,* 2017 OK CIV APP 7, ¶ 4, 394 P.3d 299, 301 ("[W]hile the Supreme Court of Oklahoma has authority to fashion private causes of action in the absence of legislative action, it has not created or previously recognized a private right of action for violations of due process."); *Brent v. Wayne Cnty. Dep't of Human Servs*., 901 F.3d 656, 683 (6th Cir. 2018) ("[T]he Fourteenth Amendment does not create a private right of action; instead, § 1983 provides a cause of action for all citizens injured by an abridgment of the protections set forth in the Equal Protection and Due Process Clauses of the Fourteenth Amendment.") (internal quotations omitted).

## A. The funds within the retirement systems are being used for the exclusive purpose and benefit of its beneficiaries in accordance with Article 23, § 12 and I.R.C. 401(a)(2).

Article 23, section 12 of the Oklahoma Constitution provides that all funds in the public retirement systems shall be held "in trust for the exclusive purpose of providing for benefits, refunds, investment management, and administrative expenses of the individual

public retirement system." Similarly, the Internal Revenue Code, section 401(a)(2), requires that the income in a qualified trust be used for the "exclusive benefit" of employees and their beneficiaries.

Nothing in the Act allows for any funds within the retirement systems to be used for something that is not for the "exclusive benefit" of the employees and beneficiaries of the systems. The limitation on investment options within the Act is similar to other provisions that control the investments the state retirement systems may make. *See, e.g.,* Okla. Stat. tit. 74 § 935.9 ("In selecting investment options for participants in the plan, the Board shall give due consideration to offering investment options provided by business entities that provide guaranteed lifetime income in retirement"); Okla. Stat. tit. 74 § 582 ("The state shall not adopt a procurement, investment or other policy that has the effect of inducing or requiring a person to boycott the government of Israel").

### B. The Act is not a special law under Article 5, § 46, or an impermissible barrier to the courts under Article 2, § 6.

Under section 46, the court must answer one question: is the statute at issue a special or general law? *Reynolds v. Porter*, 1988 OK 88, ¶ 17, 760 P.2d 816, 823. Special laws relate to "particular persons or things of a class"; general laws "relat[e] to all persons or things of a class." *Id*. at ¶ 14. The statute "must operate uniformly upon all brought within the class by common circumstances." *Id*. (citing *Grable v. Childers*, 1936 OK 273, syllabus 1, 56 P.2d 357, 358). Section 6 provides "three distinct constitutional guarantees:" access to courts; a right to remedies for every injury; and a prohibition on the sale, denial, delay, or prejudice of justice. *John v. Saint Francis Hospital, Inc.,* 2017 OK 81, ¶ 16, 405 P.3d 681, 688.

Plaintiff arbitrarily carves apart the language in the Act. Section 12002(D)(2) allows the State to recover its costs and attorney fees for defending claims brought against it under

the Act.[1] The Act does not "make[] a carve-out for declaratory judgments" as Plaintiff alleges. Verified Petition, ¶ 17. The provision operates uniformly on "all persons or things of a class" — any person who files suit against the State under that section. *Id*. "It is well settled that a statute which applies to all persons or things of a designated class uniformly throughout the state, omitting no person or thing belonging under that classification, is a general law within the meaning of the constitution." *Grable v. Childers*, 1936 OK 273, 56 P.2d 357, 360.

Similarly, awarding attorney fees for prevailing parties is constitutional under Oklahoma law. *See, e.g., Tillery v. Tulsa Christian Care Ctr., Inc.,* 2005 OK CIV APP 54, ¶ 10, 118 P.3d 772, 776 ("[W]e find that the award of attorney fees to the successful plaintiff pursuant to Okla. Stat. tit 63§ 1-1918(F) does not violate either the 14th Amendment of the United States Constitution or § 6, Art. II of the Oklahoma Constitution."); *Alford v. Garzone*, 1998 OK CIV APP 105, 964 P.2d 944 (finding law authorizing attorney fees to a person when a protective order is entered constitutional under strict scrutiny review); *Thayer v. Phillips Petroleum Co.*, 1980 OK 95, ¶ 15, 613 P.2d 1041, 1045 (upholding Small Claims Act provision imposing attorney fees on the defendant if the plaintiff prevails as constitutional under strict scrutiny review); *Keaton v. Branch*, 1924 OK 919, 104 Okla. 287, 231 P. 289 (upholding as constitutional a statute awarding prevailing party attorney fees in lien foreclosure cases).

---

[1] Plaintiff does not cite any particular provisions in his Verified Petition, but conclusively states that "[t]he Act also violates Okla. Const. Art. 5, § 46's prohibition on special laws" and that "the potential cost to challenge the Act also creates an impermissible barrier to the courts in violation of Okla. Const. Art. 2, § 6. Verified Petition, ¶ 17.

**V. Plaintiff lacks capacity as a party to sue.**

Under Rule 17(b), an individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. Rule 17(b). Persons generally have the capacity to sue or be sued in Oklahoma unless otherwise provided by law. Okla. Stat. tit. 12 § 2017(B).

Under the Act, "a member, retiree, or beneficiary of a retirement system to which the [Act] applies…**shall not sue or pursue a private cause of action** against the state…or any other officer of a state governmental entity…for any claim or cause of action, including…for violation of any constitutional, statutory, or regulatory requirement." Okla. Stat. tit. 74 § 12002(D)(1); *see also Century Inv. Grp., Inc. v. Bake Rite Foods, Inc.*, 2000 OK CIV APP 48, ¶ 4, 7 P.3d 510, 512–13 (affirming that a statute removing the capacity to sue from corporations not in good standing "expresses the public policy of" Oklahoma and is "a decision by the Legislature" that warranted a directed verdict).

Plaintiff is a retiree and beneficiary of the OPERS system. Verified Petition, ¶ 7. The Legislature specifically removed from retirees and beneficiaries of applicable retirement systems the power to bring claims under the Act. As such, Plaintiff lacks capacity as a party to sue his claims should be dismissed.

## Conclusion

For the reasons discussed above, the Court should dismiss this suit. Plaintiff Don Keenan lacks standing to maintain any of the actions alleged. Defendant Todd Russ is immune to suits for statutory violations and that immunity has not been specifically waived for actions arising out of the Act. Defendant has qualified immunity, as the alleged unconstitutionality of the Act is not beyond debate. Plaintiff Keenan has also failed to state a claim upon which relief can be granted with regard to each of his claims. Outside of bare factual statements, Plaintiff has not supported any of his allegations with sufficient facts to support the court affording him relief. Plaintiff's request for declaratory relief likewise

fails, as there are no facts alleged that rise to the level necessary to carry a justiciable action. Plaintiff Keenan lacks capacity to sue. Further, the Legislature specifically exempted retirees and beneficiaries under state retirement systems from any authority to bring suit for damages alleged under the Act.

Accordingly, the Court should **GRANT** Defendant's Motion to Dismiss pursuant to the provisions under Fed. R. Civ. P. Rule 12(b).

Respectfully submitted,


/s/ Cheryl Plaxico

**PLAXICO LAW FIRM PLLC**


Cheryl Plaxico OBA No. 4499

Mailing Address:
P.O. Box 298
Oklahoma City, Oklahoma 73101

Midtown OKC Office:
923 N. Robinson Ave., 5th Floor
Oklahoma City, Oklahoma 73102
Telephone: (405) 209-7565
Email: cplaxico@plaxico.law


**ATTORNEYS FOR DEFENDANT**

24

## Certificate Of Service

I hereby certify that on the 15th day of December, 2023, a true and correct copy of the foregoing was sent via ECF filing to:

Collin R. Walke, OBA #22328
Hall Estill
100 N. Broadway, Suite 2900
Oklahoma City, Oklahoma 73102
(405) 553-2322
(405) 553-2388
cwalke@hallestill.com
ATTORNEY FOR PLAINTIFF


/s/ Cheryl Plaxico
Cheryl Plaxico